HANNAH MOULTON *vs.* INHABITANTS OF SCARBOROUGH.

Cumberland. Opinion June 28, 1880.

71 267
93 403
71 267
f105 375
f105 376

*Town — liable for negligence of agents. May carry on a poor farm, and keep live stock thereon. Demurrer.*

A town, lawfully owning and managing property for purposes of gain, incurs the same liability for the negligence of its agents and servants in its management as persons.

A town may lawfully own and carry on a farm, on which to keep and support its poor, and employ such of them as are able to labor. This power carries with it the power to stock it, and manage it for purposes of gain, in a manner comporting with the ordinary management of such property among farmers. This embraces the raising of cattle, horses, swine and sheep; and for the propagation of sheep, it may lawfully own and keep a ram. For the proper keeping and restraining of it, when kept for such purpose, it rests under the same liability as persons; and if the ram is vicious and known to be by the town, and by reason of the negligence of the servants of the town it damages any person, the town is liable.

ON EXCEPTIONS.

This was an action of the case, for that the said defendants at said Scarborough, on the twenty-ninth day of December, A. D. eighteen hundred and seventy-seven, and for a long time prior thereto, were the owners and possessed of a certain ram, of vicious disposition and accustomed to attack and butt persons, all which was then and there well known to the defendants; yet the defendants neglecting their duty in the premises, and not exercising proper and suitable care and restraint over said ram, carelessly and negligently, on said twenty-ninth day of December, allowed him to be loose and run at large, to the danger of the citizens of the State; and being so wrongfully and negligently at large and without any keeper, or other restraint said ram on said day came upon the premises of one Henry Moulton in said Scarborough, where the plaintiff then lawfully was, and while she was in the front yard of said Henry's premises and near the house, and in the exercise of due and proper care, said ram suddenly attacked and struck the plaintiff with great force and threw her violently upon the ground, breaking her left hip, and greatly jarring and bruising her whole person, by reason of which the plaintiff has ever since been

confined to her bed, and has constantly suffered great pain, and been put to great expense for doctoring and nursing, and been unable to do work as she formerly had done; and is not likely ever to recover from said injury. Whereby an action hath accrued to said plaintiff to have and recover of said defendants, compensation for her said injuries, which she alleges is.

The defendant demurred to the declaration, and the same being joined, it was overruled *pro forma.*

*S. C. Strout* and *H. W. Gage,* for the plaintiff, cited : *Marble* v. *Ross,* 124 Mass. 44; *Jewett* v. *Gage,* 55 Maine, 538; *Woodcock* v. *Calais,* 66 Maine, 236; *Hawks* v. *Charlemont,* 107 Mass. 414; *Newert* v. *Boston,* 120 Mass. 338; *C. & O. Canal* v. *Portland,* 62 Maine, 504.

*A. F. Moulton,* for the defendants, contended that : —

1. A town is a *quasi* corporation, with powers and duties limited and defined by statute, and, in general, no right of action exists against it unless given by statute.

2. A town cannot own property, except when necessary to aid in the performance of duties imposed upon it by law. For a town to be "the owner and possessor of a ram," otherwise than in the line of its statutory duties, is *ultra vires.*

3. In the performance of its statutory duties, a town is not liable to an individual for negligence, and no action can be maintained unless allowed by statute.

And he cited : *Hooper* v. *Emery,* 14 Maine, 377; *Westbrook* v. *Deering,* 63 Maine, 231; *Hamilton Co.* v. *Mighills,* 7 Ohio St. 109; Dillon on Mun. Corp. § 766 *et seq.*; Shearman & Redfield on Negligence (2d ed.), § 118, and cases cited; *Gallatin* v. *Loucks,* 21 Barb. 578; *Russell* v. *Men of Devon,* 2 T. R. 667; *Mitchell* v. *Rockland,* 52 Maine, 118; *Thayer* v. *Boston,* 19 Pick. 511; 66 Maine, 314; *Harvey* v. *Rochester,* 35 Barb. 177; *State* v. *Great Works,* &c. 20 Maine, 41; *Cushing* v. *Bedford,* 125 Mass. 526; *Rounds* v. *Bangor,* 46 Maine, 541; *Small* v. *Danville,* 51 Maine, 359; R. S., c. 3, § 35; 29 Conn. 363; *Hood* v. *Lynn,* 1 Allen, 103; *Girard Will Case,* 2 How. 127; *Jackson* v. *Hartwell,* 8 Johns. 330; 2 Kent's Com. 283; *Sutton* v. *Cole,* 3 Pick. 232; *Worcester* v. *Eaton,* 13 Mass.

378; *McCarty* v. *Orphan Asylum*, 9 Cowan, 437; *Mayor* v. *Gloucester*, 1 H. L. 285; *Mersey Docks* v. *Gibbs*, Law Rep. 1 H. L. 93, 119; (11 H. L. 713); *Jones* v. *New Haven*, 34 Conn. 1; *Hill* v. *Boston*, 122 Mass. 344; *Mills* v. *Brooklyn*, 32 N. Y. (Appeals) 489; *Eastman* v. *Meredith*, 36 N. H. 284; *Bigelow* v. *Randolph*, 14 Gray, 541; *Walcott* v. *Swampscott*, 1 Allen, 101; *Morgan* v. *Hallowell*, 57 Maine, 375; *Dayton* v. *Pease*, 4 Ohio St. 80; Angell & Ames on Corp. (9th ed.) § 629.

LIBBEY, J.    This case comes before us on general demurrer to the declaration.    It is for negligence of the defendant in not taking proper care of and restraining a vicious ram, owned and kept by the town, by reason whereof the plaintiff was attacked by the ram and seriously injured.

It is not claimed in support of the demurrer that the declaration is defective; but it is contended in behalf of the defendants, that the town had no legal authority to own and keep a ram; that the act was *ultra vires*, and that, therefore, the town is not liable.

It is admitted, however, by the defendants' counsel, that if the town could legally own and keep the ram for any corporate purpose, for profit and gain, then it rests under the same liability as a person or private corporation for its proper care and control. This is the well settled rule of law.    *Small* v. *Danville*, 51 Maine, 359; *Woodcock* v. *Calais*, 66 Maine, 234; *Oliver* v. *Worcester*, 102 Mass. 489; *Eastman* v. *Meredith*, 36 N. H. 295; *Mersey Docks Trustees* v. *Gibbs*, 11 H. L. Cas. 687; S. C. Law Rep. 1 H. L. 93; Dillon on Mun. Corp. § 780, and cases cited in note.

By the statutes of this State it is the duty of a town to support paupers having a legal settlement therein.    It is not its duty to own and carry on a farm on which to keep and support its poor, but it may lawfully do so if it see fit; and it may employ on such farm all its paupers able to labor.    The power to own and carry on a farm for such purpose carries with it the power to stock it and manage it for purposes of profit in a manner comporting with the ordinary management of such property among farmers.    This embraces the raising of cattle,

horses, swine and sheep; and for the propagation of sheep a town may lawfully keep and own a ram.  If it does so it is not done in the performance of a public duty enjoined upon it by law, but as a voluntary corporate act, as a part of its system for the most economical support of its poor.  For all matters connected with the management of the farm by its agents and servants; for the proper keeping and restraining of all domestic animals kept upon it by its authority for purposes of profit, it undoubtedly rests under the same liability as persons. ·

*Exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and SYMONDS, JJ., concurred.