OSWALD PFEFFERLE v. THE BOARD OF COMMISSIONERS OF LYON COUNTY.

JAIL, *Negligence in Keeping*—*County, Not Liable.* A county is not liable to the inmates of its county jail for negligently permitting such jail to become and remain in such a bad condition that the inmates thereof become sick and diseased.

*Error from Lyon District Court.*

OSWALD PFEFERLE commenced an action in the district court of Lyon county against the board of county commissioners of that county, and in such action filed the following petition, (omitting title and signature,) to wit:

"The plaintiff in the above-entitled cause, for his cause of action against the said defendant, states that the said defendant was, is and for more than five years last past has been, a duly organized county of the state of Kansas for judicial purposes under the name of Lyon county, situate in the fifth judicial district of the state of Kansas; and that the said defendant now has and during all the aforesaid time has had and owned a jail, situate at the county seat of said county, provided for it by the county commissioners of said Lyon county.

"That the said jail now is, and during all of the aforesaid time has been, of sufficient strength and tightness to safely hold and retain all prisoners confined therein. That the said jail now is, and during all of the aforesaid time has been, dug out of and situate in and under and below the surface of the ground and level of the earth, in which the same is constructed; and the walls of the same now are, and during all the aforesaid time have been, so loose and open that the water falling on the ground adjoining said walls from rains, dews and other purposes, oozes and percolates through said walls into said jail, and has so done during all the aforesaid time, and now does and during all of the aforesaid time has kept the inside walls and the entire interior of said jail in a sweat and state of moisture and dampness; and the said jail being under ground as aforesaid, has no means of permitting the sun to shine into the same, or of letting any reasonable quantity of light therein, and has not had, during all the aforesaid time; and the interior of the said jail now is, and during all of the aforesaid time has been, without ventilation and ingress and egress to the air either for breathing or for carrying off the poisonous gases emitted from the lungs of the inmates, or generated from any and all other means; and by reason thereof the said jail now is, and during all the aforesaid time has been, in a dark, damp, unhealthy, malarious, miasmatic and poisonous condition for persons to inhabit.

"That at the September term of the district court of said

28 — 39 KAS.

county, 1884, a grand jury was duly called, summoned, impaneled and sworn, and held sessions for said term of court; that said term extended into November of said year, and during said term, and while the said grand jury were still in session and a part of said court, the said grand jury filed in the office of the county clerk of Lyon county, Kansas, its report to the county commissioners of said county, in writing, of which said report the following is a copy, to wit:

"'GRAND JURY ROOM, LYON CO., KAS., NOVEMBER 19, 1884.—*Commissioners of Lyon County, Kansas:* The grand jury this day adopted the following:

"'*Whereas,* It was made the duty of the grand jury to inspect the county jail, and make report in writing to the county commissioners of the same, and having this 19th day of November, 1884, inspected the same, and found it damp, not properly ventilated, badly infested with vermin, and deficient in light; therefore, be it

"'*Resolved,* That, we, the grand jury, recommend the building of a new county jail above-ground, properly ventilated, and divided into cells, for the purpose of keeping the county prisoners, and also, in connection therewith, adequate accommodations for the county jailer.

N. WHITTLESEY, *Foreman.'*

"That no other report of a grand jury has been made to said board since that time; that, pursuant to said report, no alterations have been made in said jail since said report, but that it now is, and ever since the making of the said report has been, in the same condition that it then was, except that since said time more poisonous gases have been generated inside of said jail, and remained therein for want of sufficient ventilation to carry them off.

"That at the regular June term, 1886, of the district court of Lyon county, Kansas, this plaintiff was tried in said court upon a criminal information charging this plaintiff in four counts for selling intoxicating liquors in violation of law four different times, and at said trial this plaintiff was found guilty on all of said counts, and was by the court sentenced to pay a fine of $100 on each count, amounting in all to $400, and to be imprisoned in the county jail of Lyon county, Kansas, 30 days on each count, amounting in all to 120 days.

"That, pursuant to said judgment and by virtue thereof, this plaintiff was, on the 2d day of July, 1886, confined in said jail and continuously kept confined there until the 5th day of November of the same year. That while this plaintiff was so confined in the said jail, he, by reason of the damp, poisonous and unhealthy condition of the interior thereof as aforesaid, became sick and diseased, and was compelled to and did expend for medical services to relieve him of said sickness, the sum of $200; and said plaintiff through and by reason of said sickness suffered intense bodily pain during all the time of said confinement and continuously thereafter up to

the present time, and is still so suffering, and is so diseased that he will never recover therefrom, but will continue to be an invalid and suffer to the end of his days, which number of days will be greatly shortened by the said sickness and disease contracted in said jail by reason of the poisonous and unhealthy condition thereof as aforesaid. That, by reason of the aforesaid facts, this plaintiff has been and is damaged in the sum of $10,000.

"Wherefore, this plaintiff demands judgment against said defendant for $10,000."

Afterward the defendant filed the following demurrer, (omitting title and signature,) to wit:

"Comes now the said defendant and demurs to the plaintiff's petition herein, upon the ground that said petition does not state facts sufficient to constitute a cause of action against said defendant."

On February 12, 1887, this demurrer was heard by the court, and overruled, and judgment was rendered in favor of the defendant and against the plaintiff for costs. To reverse this judgment, the plaintiff, as plaintiff in error, brings the case to this court.

*E. B. Peyton*, and *John V. Sanders*, for plaintiff in error.
*Buck & Feighan*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: For the purposes of this case we shall assume that all the matters and things set forth in the plaintiff's petition filed in the court below are true, although it can scarcely be conceived that a county jail in any county of this state would be permitted to be and remain in the condition in which the county jail in the present instance is alleged to be. The question then arises: Is a county liable for negligently permitting its jail to become and remain in such a bad and unwholesome condition that its inmates must necessarily become sick and diseased by remaining therein? The plaintiff claims that a county is liable in such a case, and cites the following cases as authority therefor: *Bigelow v. Town of Randolph*, 14 Gray, 541; *Aldrich v. Tripp*, 11 R. I. 141; *Moulton*

*v. Town of Scarborough*, 71 Me. 267; *Hannon v. County of St. Louis*, 62 Mo. 313. We do not think that any of these cases go to the extent that is claimed for them by the plaintiff, but even if they do, we would hardly follow them, for the overwhelming current of authority would still be against any such doctrine. Of course, where the statutes provide that a county shall be liable, it will be liable; and also, for the purposes of this case, we shall assume that whenever a county is authorized to engage in business of any kind similar to that which may be carried on by private individuals or private corporations, the county will be liable to the same extent and in the same manner as such private individuals or private corporations would be. But none of these cases is the present case. It is true that counties are to a limited extent corporations; but they are not private corporations, and they are not in a strict sense municipal corporations. They are usually denominated *quasi* corporations, and their principal functions are governmental and political, and not private or of a strictly corporate character. Counties are principally mere political subdivisions of the state, mere instrumentalities of the state government, brought into existence merely for the purpose of aiding and assisting the state in promoting justice, in preserving peace, quiet and good order in the state, and of promoting the welfare and happiness of the citizens thereof; and these objects are the ones which counties are designed to subserve when they are authorized to build, own, and keep county jails. These objects do not partake at all of a private character; and they are not engaged in as business transactions, nor for the purpose of increasing the wealth of the county as an organization. No decision can be found, so far as we are informed, where any county has ever been held to be liable for any negligence in keeping or maintaining a county jail.

In our opinion the decision of the court below was correct, and it will be affirmed.

All the Justices concurring.