La Clef v. City of Concordia.

ISADORE LA CLEF v. THE CITY OF CONCORDIA.

CITY PRISON — *Damages* — *Liability.* Where a person is confined in a city prison, upon a conviction for disturbing the peace and quiet of the city, the city is not liable for damages for injuries sustained by such person by reason of the bad character of the prison, or the negligence of the officer in charge of the same.

*Error from Cloud District Court.*

ACTION brought by the plaintiff to recover $5,000 damages, which he alleges he sustained by reason of being committed to the city prison of the city of Concordia, by the defendant. In his petition the plaintiff alleges that on the 15th day of November, 1884, he was arrested, charged with the offense of disturbing the peace and quiet of the city of Concordia; was tried and found guilty of such offense, fined in the sum of $3, and adjudged to pay the costs; and on account of his poverty he was unable to pay the same, and was upon a commitment issued by the police judge of the city committed to the city prison of that city, and was there kept until the 17th day of November, 1884; that at the time of his arrest and commitment, plaintiff was a stout, robust man, in good health; that

the city prison was an open building, set upon posts some two feet from the ground, with cracks in the building rendering it cold, and that said building was not provided with any means of heating, and that during all of said time he was confined therein he was without any fire, and was provided with no bedding by which he could keep warm; that during the time he was so confined the weather was severely cold, the thermometer showing some ten degrees below zero, and while thus exposed he contracted a severe cold, resulting afterward in consumption, from which disease he is now incurable. To which petition the defendant filed a demurrer, upon the ground that the petition did not state a cause of action; which demurrer came on to be heard by the court at the October term, 1887, and was sustained. The plaintiff complains of this ruling.

*S. D. Houston,* and *B. R. Anderson,* for plaintiff in error.

*Laing & Wrong,* for defendant in error.

Opinion by CLOGSTON, C.: For the purposes of this case it will be presumed that the plaintiff has sustained the injuries complained of, and that his petition is in all respects sufficient to entitle him to recover, if the city is liable for this class of injuries. It has already been held in this state that counties are not liable for injuries of this kind. ( *Pfefferle v. Comm'rs of Lyon Co.,* 39 Kas. 432.) And this seems to be the doctrine universally held elsewhere. ( *Wehn v. Gage,* 5 Neb. 494; *Crowell v. Sonoma Co.,* 25 Cal. 313; *Miller v. Iron Co.,* 29 Mo. 122; *Waltham v. Kemper,* 55 Ill. 346; *Brabham v. Supervisors,* 54 Miss. 363; *Winbigler v. Los Angeles,* 45 Cal. 36.) · But it is urged that a different rule prevails in respect to cities and other public corporations, and that they are not such political divisions of a state as to entitle them to immunity from damages for injuries such as complained of. It is not claimed that there is any statute making it the duty of a city of the third class, to which class the defendant belongs, to keep and maintain comfortable and safe city prisons, and no

charter has been shown requiring this duty of the defendant. Where such duties are imposed by law upon municipal corporations they then become liable when the duty enjoined relates to some act in the doing of which the city has some special interest apart from the public generally. (*Sawyer v. Corse*, 17 Gratt. 230; *Merrifield v. Worcester*, 110 Mass. 216; *Emery v. Lowell*, 104 id. 13.) But where such duties relate to acts which in their nature are for the benefit of the public as well as the citizens of the city, then no responsibility follows that can be enforced by private action. (*Pfefferle v. Comm'rs of Lyon Co.*, 39 Kas. 432; *Gould v. Topeka*, 32 id. 485; *Washington v. Gregson*, 31 id. 99; *Bigelow v. Randolph*, 13 Gray, 541; *Hill v. Boston*, 122 Mass. 344; *Eastman v. Meredith*, 36 N. H. 284; *Hamilton v. Michels*, 7 Ohio St. 109; 3 Harrison, 121; *Finch v. Board*, 30 Ohio St. 37; *Flori v. St. Louis*, 69 Mo. 341; *Western College v. Cleveland*, 12 Ohio St. 375.)

The distinction between an act done by a city in a public capacity and as a part of the political subdivisions of a state, and for an act done for its private advantage, and relating to things in which the state at large has no interest, is clearly defined and is well recognized. (*Savings Society v. Philadelphia*, 31 Pa. St. 185; *Maximilian v. Mayor of New York*, 62 N. Y. 160; *Bailey v. Mayor of New York*, 3 Hill, 531.)

In *Hill v. Boston* it was said:

"The examination of the authorities confirms us in the conclusion that a duty which is imposed upon an incorporated city, not by the terms of its charter, nor for the profit of the corporation, pecuniarily or otherwise, but upon the city as the representative and agent of the public, and for the public benefit, as by a general law applicable to all cities and towns in the commonwealth, and a breach of which in the case of a town would give no right of private action, is a duty owing to the public alone, and a breach thereof by a city, as by a town, is to be redressed by prosecutions in behalf of the public, and will not support an action by an individual, even if he sustains special damage thereby."

This seems to be the current of authority everywhere, that a city while acting as a political part of the state in suppress-

ing crime and immorality, in the preservation of peace and good order, is not liable for its acts, although negligently committed by the city or its agents. And with the exception above noted, the city stands in the same catalogue with counties, townships and other *quasi* municipal corporations in this respect, and is not liable to a personal action for injuries resulting from the enforcement of the public laws affecting the state at large.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.