(Lake County Court of Common Pleas.)

---

T. E. ALVORD, Administrator v. THE VILLAGE OF RICHMOND, et al.

---

1st. Municipal corporations are sub-divisions of the State, created in part for convenience, to aid the State to enforce those laws, for the protection of individual rights, and to promote the public welfare simultaneously in different sub-divisions, when occasion requires, and with promptness everywhere within its bounds; which, as between the State and its local sub-divisions, are to be enforced by the State—among which, are all laws and ordinances for the suppression and punishment of crimes and offenses.

2nd. When the officers of a municipal corporation make an arrest, upon a criminal charge, and place the accused in a lock-up—provided for that purpose by the municipality or corporation—to await a hearing upon a criminal charge, they are not then acting as officers of the municipal corporation, by which they were elected, but are acting as officers of the law, and of the State as a sovereignty.

3rd. While such officers are liable, as individuals, to the accused therefor, the municipal corporation in which they were elected is not liable for any excess of force, used in making the arrest—or want of authority of law to make it—or for the careless or cruel treatment of him by them while in their custody.

4th. In providing a lock-up, in which to confine persons arrested for crime, the village is acting under the authority of, and as agent for the State, and is not liable for any to those imprisoned therein while under arrest waiting for a hearing caused by its unhealthy or dangerous condition.

HOWLAND, J.

The issue to be determined is raised by a demurrer, filed by each defendant separately, to the amended petition, on the ground that the petition does not contain a sufficient statement of facts to constitute a cause of action. It is averred in the petition, in substance, that T. E. Alford is the duly appointed, qualified and acting administrator upon the estate of Dennis Enright, deceased; that the defendant, The Village of Richmond, at all the dates mentioned, was and still is, a municipal corporation in the county of Lake, and State of Ohio, duly organized and incorporated under the laws of Ohio; that on and prior to the time of the commission of the wrongs and injuries complained of the defendants, George Whitney was the marshal, and Jerry McGuinn was the deputy marshal of said village, and each were then acting as such, in the commission of the injuries complained of; that while the deceased was then, to-wit: November 30, 1893, engaged in his lawful business in said village, the defendants Whitney and McGuinn, as such marshal and deputy marshal, wrongfully and without any legal authority therefor, on a criminal charge, took said Enright by force, and against his will, to, and into, a small wooden shanty, provided and used by said village as and for a lock-up or prison, and there confined and imprisoned him; that said lock-up was a grossly unfit, dangerous and unsafe place in which to confine a person, all of which was then well known to

the said village, its officers and agents; that the defendants, Whitney and Mc-Guinn, after imprisoning said Enright therein and while he was there confined by them with gross and criminal carelessness, built a fire, in a worn out and cracked stove, then in said shanty, and then carelessly locked it up, and left the shanty unguarded; that without any fault or carelessness of said Enright, and while he was locked in said shanty, without any means of escape, and solely by reason of said carelessness of said defendants Whitney and McGuinn, and the village of Richmond in failing to provide a suitable and fit lock-up, and stove therein, said shanty took fire and was totally destroyed thereby, and said Enright was thereby killed and incinerated therein.

The contention in argument was directed almost entirely to the question whether upon that statement of admitted facts the village of Richmond was liable, either for its failure to furnish a reasonably safe place for a lock up, or for the carelessness and negligence of its marshal and deputy, or for making the arrest without authority of law, and thereby wrongfully causing the death of said Enright.

Assuming, as we must, upon this hearing, that all of the allegations of the petition are true, it follows that the defendants Whitney and McGuinn, are each liable; that the demurrers of each and both of them must be and are overruled. To which holding the defendant excepts.

This brings us to the main question in this case, to-wit: is the village of Richmond liable, assuming all the allegations of the amended petitions are true?

Municipal corporations are sub divisions of the State, created in part for convenience, in enabling the State to enforce its laws in each locality with promptness and simultaneously, when occasions require it, in the different sub divisions within its boundaries. While enforcing those laws which pertain to the general welfare of the State, and to the people generally, in all its sub-divisions, the State acts through these sub divisions, and uses them and their officers as its agents. For these purposes the State government was instituted and granted sovereign power for State purposes. There is a fiction in the law of monarchies—that the King can do no wrong—therefore the King cannot be sued. In our form of government, sovereignty for State purposes is vested in the State, but the State is not made the insurer of public or private interests, or liable for any careless or wilfull acts of its officers, and cannot therefore be made liable for the default of any of its officers, whether elected by the State or by any subdivision thereof.

The officers of a municipal corporation are not the officers and agents of the city or village electing them for all purposes, but are required by law to discharge duties as such officers, enabling the State to carry out the laws enacted to promote the public welfare of the people generally of the State. Among those laws are the following, to-wit: laws providing hospitals, work-houses, and jails, school houses for free public schools laws to prevent riot, breaches of the peace, and in aiding the State in enforcing the criminal laws thereof.

The village of Richmond is, and was, a municipal corporation at all the dates mentioned, created in part to aid the State in enforcing its criminal laws therein.

When the officers elected by the city or village are engaged in the discharge of their duties, in enforcing the criminal laws of the State, they are not then acting as the officers or agents specially of the city or village electing them; but while so engaged are officers of the law and of the State, and when so engaged, the city or village electing them is not liable for their acts. College v. The City of Cleveland, 12 Ohio St. 375; 30 Am. St. Rep. 373; 84 Me. 499; Sherman. Redfield on Negligence, 253.

"The detection and arrest of offenders, the preservation of the public peace, the enforcement of the laws, and other similar powers and duties with which police officers and constables are entrusted, are derived from the law, and not from the city or town under which they hold their appointment, and for the mode in which they exercise their powers and duties the city and town can not be held liable. 30 Am. St. Rep. 401; Butterick v. Lowell, 1 Allen 172. 79 Am. Dec. 721; Burch v. Hardwick, 30 Gratt, 24. 30 Am. Rep. 640; Caldwell v. The City of Rome, 51 Iowa, 687; 33 Am. Rep. 154; Bowditch v. Boston, 101 U. S. 16; Atwater v. Baltimore, 31 Md. 462; Elliot v. Philadelphia, 75 Pa. St. 347; 15 Am. Rep. 591; Morristown v. Fitzpatrick, 94 Pa. St. 121 39 Am. Rep. 771; Campbell v. Montgomery, 53 Ala. 527; 25 Am. Rep. 656; Peters v. Linsburg, 40 Kans. 654.

A municipal corporation is not liable for the use of excessive force by its policemen, or for their assault and battery upon, or shooting or abuse of a prisoner or other person.

Butterick v. Lowell, 1 Allen. 172; 51 Iowa, 687. Such corporations are not liable for the unlawful seizure of property, whereby, or through their negligence it is lost or misappropriated. Elliot v. City of Philadelphia, 75 Pa. St. 547; 15 Am. Rcd. 591; Fox v. Northern Liberties, 3 Wat. & S. 103; Bargen v. Mayor of Mobile, 31 Ala. 469; 70 Am. Dec. 512; Stewart v. City of New Orleans, 9 Ala. Ann. 61; 61 Am. Dec. 218.

The corporation is not liable when the policeman, for whose wrongful acts compensation is sought, was acting under a municipal ordinance and in an attempt to enforce its provisions or to apprehend one accused of violating them.

The village of Richmond is not liable on account of the defective and dangerous condition of the lock-up which it provided. It is, and was, the duty of the village of Richmond to provide a lock-up, yet when engaged in providing the lock-up it was

performing a duty for the State, in aiding it to enforce its criminal laws, and was therefore acting as agent of the State, and was not liable for any default of its officers, for the erection of an unsuitable or unhealthy lock-up.

"In providing a prison and keeping it in repair, and furnishing supplies for its inmates, a city or village exercises discretionary governmental functions, and is therefore not answerable to one who is injured in health or otherwise by the condition of the prison or the failure to furnish proper supplies to the persons confined therein. LeCleaf v. Concordia, 41 Kans. 323; 13 Am. St. 285; Moffit v. Ashville, 103 N. C. 237; 14 Am. St. Rep. 810; Governor v. Clark Co. 19 Gas. 97; 30 Am. St. Rep. No. 2; 34 Am. St. Rep. 372; 112 Mo. 138."

A municipal corporation is not liable for damages for the death of a person caused by the burning of its jail while such person was confined therein, by the municipal authority for a violation of its ordinances, though such fire was caused directly by the wrongful act or negligence of the officers or agents of the municipality. Brown v. Guyandotte, 3 W. Va. 299; Howard v. Wooster, 153 Mass. —; 25 Am. Rep., 651; Dodge v. Grainger, 17 R. I. 664; 33 Am. Rep. 901; 112 Mo. 138; 41 Ohio St. 149. We therefore hold that the demurrer of the village of Richmond must be and it is hereby sustained; but we hold that the petition as against the defendants. Whitney and McGuinn, states a cause of action against each and both of them, and their demurrers are therefore overruled.—

Horace Alvord, attorney for plaintiff.

Homer Harper, attorney for defendant.