No. 40,293

PHYLLIS JEAN WOMMACK, *Appellant*, v. PAUL LESH, et al., *Appellees*.

(305 P. 2d 854)

Opinion filed January 12, 1957.

*Pat Warnick*, of Wichita, argued the cause, and *Alan B. Phares, William C. Norton*, and *H. E. Pat Healy*, all of Wichita, were with him on the briefs for the appellant.

*Donald Hickman*, of Arkansas City, argued the cause, and *Frank G. Theis*, City Attorney of Arkansas City, and *Kirke W. Dale*, of Arkansas City, were with him on the briefs for Paul Lesh and Paul Lesh, Chief of Police, The City of Arkansas City, Wayne Lambert, City Manager, C. K. Freeman, Mayor, C. K. Freeman, R. P. Guyot and Jo A. McEwen, Board of City Commissioners, and Western Casualty & Surety Company, appellees.

*W. R. Mathews*, County Attorney of Cowley County, argued the cause, and *John Anderson, Jr.*, Attorney General, and *Ted Templar*, Assistant County Attorney, were with him on the briefs for The Board of County Commissioners of Cowley County, John Goff, Albert Roberts and Walter Sidwell, appellees.

The opinion of the court was delivered by

Price, J.: This was an action to recover damages for alleged false arrest and imprisonment. The appeal is from an order sustaining separate demurrers to the petition.

Joined as defendants are the chief of police of Arkansas City, both individually and in his official capacity; Milton J. Jordan, the arresting police officer; the city of Arkansas City; the city manager, mayor and city commissioners of Arkansas City; the surety on the official bond of the chief of police; the board of county commissioners of Cowley County, and the county commissioners of such county.

The demurrer to the petition filed by Jordan, the arresting police officer, was overruled. He has not appealed, however, and we are not concerned with that ruling. As mentioned, demurrers to the petition by all other defendants, on the ground a cause of action is not stated, were sustained, and plaintiff has appealed.

We quote paragraph 10 of the petition:

"10. Plaintiff alleges further that at approximately 8:00 on the evening of the 21st day of May, 1955, the defendant, Milton J. Jordan, a Police Officer of the City of Arkansas City, Kansas, did place this plaintiff under arrest; that such arrest took place at the Pla-Mor Beer Tavern, located at 111 North Summit Street, Arkansas City, Cowley County, Kansas; that at the time thereof, this plaintiff was informed by said arresting officer that he was acting under and by virtue of the orders of one George E. Sybrant, the duly appointed, qualified, and acting Deputy County Attorney of and for Cowley County, Kansas; that after placing the said plaintiff under arrest, the said defendant, Milton J. Jordan, did unlawfully and maliciously and with intent to injure the plaintiff by force, compel the plaintiff to go with him to the City Jail of the City of Arkansas City,

Cowley County, Kansas, and there did imprison this plaintiff and did detain her and restrain her of her liberty; that the said plaintiff was incarcerated in said City Jail, was denied the right and privilege of talking to an attorney, was denied the right and privilege of making bail; that said plaintiff was placed in a cell adjacent to a portion of the City Jail of the City of Arkansas City, Kansas, wherein there had been placed approximately 19 male prisoners, some of whom were in an intoxicated condition, and plaintiff was subjected to the insults, cursing, abuse and profanity of said male prisoners; that this plaintiff was forced to remain in the City Jail of Arkansas City, Cowley County, Kansas, throughout the night of May 21, 1955, and a portion of the following day, namely, May 22, 1955."

Other portions of the petition allege that when she was arrested and incarcerated plaintiff was violating no law; that no charge had been or was later filed against her; that no warrant for her arrest had ever been issued, and that her arrest was wrongful and illegal. The petition contains general allegations to the effect that all of the unlawful and illegal acts complained of were performed under and by virtue of the orders, directions, and with the approval, condonation and ratification of the defendants who are appellees in this appeal.

In this court plaintiff's principal argument is concerned with the proposition that her unmotioned petition is to be liberally construed, and, given such construction, states a cause of action. Defendants contend, among other things, that as to them the most that can be said for the petition is that it contains mere conclusions of the pleader which are never admitted by demurrer. We are inclined to agree with defendants' contention in this respect, but nevertheless will mention briefly other reasons why we are of the opinion the demurrers were properly sustained.

At this point it should be mentioned that in his oral argument counsel for plaintiff conceded that insofar as the city of Arkansas City is concerned its demurrer was properly sustained due to plaintiff's failure to allege compliance with G. S. 1949, 12-105, relating to the filing of claims against a city. (See *Hibbs v. City of Wichita*, 176 Kan. 529, 271 P. 2d 791.)

There can be no doubt but that the maintenance and operation of a police department by a municipality is a governmental function as distinguished from proprietary, thus clothing the municipality with immunity for acts of negligence or misfeasance of its employees engaged in the carrying out of such function. It also is a general rule that with respect to governmental functions a municipal officer

performing duties strictly public is not liable for negligent acts of misfeasance of persons employed by the municipality who are under his general direction and authority, the rule being based on the ground that the doctrine of *respondeat superior* does not apply under such circumstances. (37 Am. Jur., Municipal Corporations, § 265, p. 888.) Entirely aside from the fact the petition is utterly devoid of facts connecting the chief of police, the city manager, the mayor and city commissioners with the incident in question, no authority has been cited, and we know of none, which would, under the allegations of this petition, impose liability on those officials for the action of the arresting police officer. On the general subject matter see *Peters v. City of Lindsborg,* 40 Kan. 654, 20 Pac. 490; *LaClef v. City of Concordia,* 41 Kan. 323, 21 Pac. 272, 13 Am. St. Rep. 285; *Kretchmar v. City of Atchison,* 133 Kan. 198, 299 Pac. 621, and 22 Am. Jur., False Imprisonment, § 49, p. 388. The demurrers of these defendants were properly sustained.

Under the facts as pleaded, there being no liability on the part of the chief of police, it follows there is no liability on the part of the surety on his official bond. Although a copy of the bond is not attached to the petition, we are told it was filed pursuant to G. S. 1949, 14-205, and is a "faithful performance" bond payable to the city. Furthermore, the situation here is unlike that relating to the statutory liability of a sheriff and the sureties on his official bond for the default or misconduct of his undersheriff and deputies in the performance of official acts (G. S. 1949, 19-805; *Libby v. Schmidt,* 179 Kan. 683, 298 P. 2d 298), and neither may liability be predicated under G. S. 1949, 75-3020, which has been held to apply only to state officers. (*Smith v. Higgins,* 149 Kan. 477, 480, 87 P. 2d 544.) As to the surety the demurrer was properly sustained.

What has been said applies in large measure to the demurrer of the board of county commissioners and the individual members thereof. Other than the naked conclusion, heretofore mentioned, the petition contains nothing which connects the board or its members with the incident in question. In fact, the specific allegation in paragraph 10 of the petition, *supra,* to the effect that the arresting officer told plaintiff that he was acting under the direction of the deputy county attorney and by virtue of his orders, tends to negative the giving of any directions or orders by anyone else, including each of the defendants. Furthermore, it is well settled that a county is an arm or agent of the state, set up to perform certain governmental

.and political functions as such; that it partakes of the immunity which inheres in state sovereignty, and that a county and its officers are immune from liability for negligence except to the extent they may be made so by statute. (*Smith v. Higgins,* supra; *Wolf v. Fidelity & Deposit Company of Maryland,* 174 Kan. 402, 406, 256 P. 2d 862.) None is cited, and we know of no statute imposing liability on the county officers in question under the facts here pleaded.

Plaintiff frankly concedes the persuasiveness and force of the rule of governmental immunity as applied to the various defendants in this case, but seeks to avoid the effect of the rule by contending that he has pleaded a "nuisance." (*Jeakins v. City of El Dorado,* 143 Kan. 206, 53 P. 2d 798.) Aside from the fact the city's demurrer was properly sustained if for no other reason than that plaintiff failed to plead the filing of a claim as provided by G. S. 1949, 12-105, a short answer to this contention, even assuming, for the sake of argument, that personal liability could be imposed on the named public officials in the event the facts did constitute a legal nuisance, is that we simply do not agree with plaintiff that the allegations of the petition are open to any such strained construction.

The trial court did not err in sustaining the demurrers in question and the judgment is affirmed.

HALL, J., not participating.