No. 48,116

HECTOR BRIBIESCA, *Appellant,* v. CITY OF WICHITA, *Defendant-Appellee,* SHELDON L. WULF, and M. J. FRAIPONT, *Defendants.*

(561 P. 2d 816)

Opinion filed March 5, 1977.

*James S. Phillips, Jr.,* of Phillips & Phillips, Chartered, of Wichita, argued the cause, and was on the brief for the appellant.

*Thomas R. Powell,* of Wichita, argued the cause, and *John Dekker,* of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by Hector Bribiesca (plaintiff-appellant) from the trial court's order dismissing his action against the City of Wichita, Kansas (defendant-appellee), on the ground that the City is immune from suit under the doctrine of governmental immunity.

On appeal the appellant contends the common law doctrine of governmental immunity, whether applied to proprietary or governmental-operational functions, is erroneous in that it violates the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and Sections 1, 2 and 18 of the Bill of Rights of the Kansas Constitution.

Hector Bribiesca is a resident of 2926 South St. Paul, Wichita, Kansas. Sheldon Wulf is a detective with the Wichita Police Department. On August 29, 1974, Detective Wulf, then off duty and in civilian clothes, went to watch his son play football at a school near Mr. Bribiesca's home. As Detective Wulf, his wife and son were walking down South St. Paul, a small half German shepard dog named "Chico," owned by the plaintiff or his brother, started barking and allegedly attacking the Wulf family. Detective Wulf sent his family to safety. Mr. Bribiesca said he appeared and tried to call the dog back. Detective Wulf said Mr. Bribiesca appeared

and told the dog to "sic him" and to "get him." The dog, which never bit anyone, was called back by another member of the plaintiff's family.

Detective Wulf called the Wichita police dispatcher who sent uniformed officer M. J. Fraipont to the scene. Fraipont issued a *citation* for simple assault under Wichita City Ordinance 5.10.010. Upon trial of the matter in the Wichita municipal court on January 21, 1975, Hector Bribiesca was found *not guilty* of the charge of simple assault.

On May 13, 1975, the plaintiff filed a damage claim with the City of Wichita pursuant to K. S. A. 12-105. The Wichita City Commission denied the claim on June 11, 1975.

On August 5, 1975, the plaintiff filed his petition against the City of Wichita, Detective Wulf and Officer Fraipont under 42 U. S. C. 1983 and the common law theories of malicious prosecution or abuse of process and false arrest. The plaintiff alleged:

"Plaintiff has suffered damage in that his right of privacy has been invaded, his reputation has suffered, plaintiff has suffered mental stress aggravating a pre-existing condition and plaintiff has been put to the expense of defending himself."

The plaintiff sought actual damages of $5,500 and punitive damages of $15,000.

On August 20, 1975, the City moved to dismiss the action. It contended it was not a person under 42 U. S. C. 1983, which provides that every person who under color of state law deprives another of rights, privileges or immunities secured by the Federal Constitution and laws, shall be liable to the injured party. The City, which had no liability insurance for these acts (see K. S. A. 74-4716), also contended it was immune from liability under the doctrine of governmental immunity.

After a hearing the trial court sustained the City's motion to dismiss. It first found the City was not a "person" under 42 U. S. C. 1983. On appeal the appellant does not contest the dismissal of his action against the City on this theory. (See *Monroe v. Pape*, 365 U. S. 167, 187-192, 5 L. Ed. 2d 492, 81 S. Ct. 473; and *City of Kenosha v. Bruno*, 412 U. S. 507, 37 L. Ed. 2d 109, 93 S. Ct. 2222.)

The trial court also found the City to be immune from liability for the acts of its police officers under the doctrine of governmental immunity. The appellant's action against the police officers as individuals is pending in the trial court and is not affected by this appeal.

The sole question on appeal is whether on the facts in this case the trial court erred in holding the City immune from liability for the acts of its police officers.

It must be conceded there is a dispute in American jurisprudence as to the proper test to be applied for the determination of municipal immunity. (See Annot., 60 A. L. R. 2d 1198 [1958].) However, the appellant cites no cases which adopt his constitutional arguments on equal protection and due process.

In *Gardner v. McDowell*, 202 Kan. 705, 451 P. 2d 501, this court said:

". . . Under the decisions of this court the city is immune from liability for the acts of its police officers. . . . Similar decisions have been handed down by federal courts. (See *Cuiksa v. City of Mansfield*, 250 F. 2d 700, cert. den. 356 U. S. 937, 2 L. Ed. 2d 813, 78 S. Ct. 779." (p. 708.)

Under no theory advanced by the appellant can the City of Wichita be held liable for the acts of its police officers herein. (See *Wommack v. Lesh*, 180 Kan. 548, 305 P. 2d 854; *Parker v. City of Hutchinson*, 196 Kan. 148, 410 P. 2d 347; *Gardner v. McDowell*, supra; *Daniels v. Kansas Highway Patrol*, 206 Kan. 710, 482 P. 2d 46; *Allen v. City of Ogden*, 210 Kan. 136, 499 P. 2d 527; and *Bradford v. Mahan*, 219 Kan. 450, 548 P. 2d 1223.)

Accordingly, the trial court properly sustained the City's motion for summary judgment.

The judgment of the lower court is affirmed.