Aron, Appellant, vs. The City of Wausau, Respondent.

*February 12 — March 1, 1898.*

(1) *Riot: Common intent.* (2) *Municipal corporations: Liability for injuries caused by explosion of firecrackers in street.*

1. In order to constitute an unlawful assembly or riot under sec. 4511, R. S. 1878, the three or more persons engaged therein must have a common purpose to do the act complained of.

2. A complaint alleging that plaintiff was injured, while driving along a street in the defendant city on the evening of the Fourth of July, by the explosion of a cannon cracker, or explosive article, or bomb, thrown and exploded by someone among a crowd of thirty or more people who were obstructing the sidewalk, and unlawfully and in a tumultuous manner engaged in exploding firecrackers, etc., which were dangerous unless handled with extreme care, but not alleging or containing anything to indicate that the crowd, or any three or more persons therein, had any common intent or purpose to injure the plaintiff or any other person by the explosion in question, does not state a cause of action against the city under sec. 938, S. & B. Ann. Stats., making cities liable for injuries done by mobs or riots.

Appeal from an order of the circuit court for Marathon county: O. B. Wyman, Judge. *Affirmed.*

For the appellant there was a brief by *Silverthorn, Hurley, Ryan & Jones,* and oral argument by *W. C. Silverthorn.*

They contended, *inter alia*, that the common purpose of the crowd was to do acts which were in violation of law and in disturbance of the public peace by exciting fear, alarm, and consternation among the people. Such common purpose is unmistakably implied by the conduct of the crowd, and the riot consisted in actually carrying out that purpose. It is not claimed that the common purpose was to assault or injure the plaintiff particularly, but the common purpose was to do the acts which resulted in the injuries to the plaintiff. See *Bonneville v. State*, 53 Wis. 680; *State v. Snow*, 18 Me. 346; *Solomon v. Kingston*, 24 Hun, 562; *State v. Straw*, 33 Me. 554; *State v. Boies*, 34 id. 235; *Higgins v. Minaghan*, 78 Wis. 602; *S. C.* 76 id. 305; *Palmer v. Concord*, 97 Am. Dec. 605; *Allegheny Co. v. Gibson*, 35 Am. Rep. 670, 90 Pa. St. 397; *Gianfortone v. New Orleans*, 24 L. R. A. 592, and note; Stephen, Dig. Crim. Law, art. 73; 20 Ency. Brit. 564.

For the respondent there was a brief by *C. B. Bird*, attorney, and *Mylrea, Marchetti & Bird*, of counsel, and oral argument by *Mr. Bird*. They argued, among other things, that the amendment of 1887, under which this liability is claimed, was passed immediately after the Milwaukee riots of 1886, and must be construed in the light of current history to ascertain the legislative intent. These statutes generally were intended to provide compensation for damages resulting from local insurrections and disturbances, popular uprisings and excesses, beyond the control of local authorities, evidencing an intention of the populace to take the law into their own hands, and exceeding ordinary violations of law, breaches of the peace, etc. It is to such occurrences that similar statutes have been applied. *Allegheny Co. v. Gibson*, 90 Pa. St. 397, 35 Am. Rep. 670; *Gianfortone v. New Orleans*, 61 Fed. Rep. 64, 24 L. R. A. 592, and cases in note. The obvious intention of the legislature, in the light of the result intended, must govern. *Haentze v. Howe*, 28 Wis. 293. No case is found applying the statute to such occurrences as

the complaint alleges.    *Duryea v. New York*, 10 Daly, 300. To say that the firing of cannon crackers on the Fourth of July by a crowd of idle persons, boys, and youths for their amusement and sport, and even the throwing of them at occasional passers-by, one of the most common and ordinary pastimes on that day, though perhaps reprehensible and dangerous, is an act, either lawful or unlawful, done in "a violent, unlawful, and tumultuous manner to the terror and disturbance of others," within the meaning of this statute, would be an extension of a criminal statute far beyond its obvious and reasonable intent.    Sec. 4511, R. S. 1878, being a criminal statute, is to be strictly construed.    It is apparently intended simply to retain the common-law crime of riot.    *Bonneville v. State*, 53 Wis. 680.    An essential element of this crime is " some sort of resistance to lawful authority." *Reg. v. Hunt*, 1 Cox, Crim. Cas. 177; 1 Hawkins, P. C. ch. 28, sec. 4 (p. 513); 4 Stephen, Comm. (9th ed.), 215; 2 Roscoe, Crim. Ev. (7th ed.), 901; *U. S. v. Peaco*, 4 Cranch, C. C. 601; *Duryea v. New York*, 10 Daly, 300.

CASSODAY, C. J.    This is an appeal from an order sustaining a demurrer to the complaint upon the ground of insufficiency.    Of course, the demurrer admits the issuable facts alleged in the complaint, but does not admit mere conclusions of law from the facts so alleged.    *Pratt v. Lincoln Co.* 61 Wis. 62; *Williams v. Williams*, 63 Wis. 72; *Stone v. Oconomowoc*, 71 Wis. 155, 159; *Brown v. Phillips*, 71 Wis. 239; *Palmer v. Hawes*, 73 Wis. 50; *Meggett v. Eau Claire*, 81 Wis. 329; *Peake v. Buell*, 90 Wis. 508.

The issuable facts so alleged and admitted are to the effect that July 4, 1896, between 6 and 7 o'clock in the evening, the sidewalk along the west side of Third street, and in and along Third street between Scott street and McClellan street, in Wausau, was occupied by a crowd of thirty or more persons, then and there being and blocking up and obstructing

Aron vs. The City of Wausau.

the sidewalk and street, and unlawfully hindering and preventing the plaintiff and others from freely passing along the sidewalk and street, and unnecessarily, and unlawfully, and contrary to the city ordinance and the statutes, engaged in exploding, and who did unnecessarily and unlawfully explode, firecrackers and other fireworks, and did unnecessarily and unlawfully throw in the street squibs and other articles containing powder and other explosives, such as giant powder, dynamite, nitro-glycerine, and gun cotton inclosed in strong, heavy pasteboard and strong paper, with cement, constituting what is called and known as "cannon crackers" or "American firecrackers,"— in fact, dynamite bombs,— which were dangerous to human life and safety, unless handled with extreme care; that such explosions took place without restraint, in a violent, unlawful, and tumultuous manner, to the terror and disturbance of others and this plaintiff; that while this plaintiff, an unmarried woman, was riding with her brother in a one-horse buggy in a quiet manner at the time and place mentioned among the persons so assembled, without knowing of the danger and without any negligence on her part, she was struck upon her head and face by one of the cannon crackers or explosive articles or bombs thrown and exploded by some one in the crowd, to the plaintiff unknown, and severely injured by wholly destroying one of her eyes, and greatly impairing her other eye, to her damage in the sum of $20,000, for which she prayed judgment.

Thus stripped of allegations and conclusions of law, and of arguments and exaggerations, the facts alleged in the complaint are few and simple. The city contained more than 10,000 inhabitants. It is of common knowledge that, in such a city, crowds assemble in the streets and on the sidewalks on the Fourth of July, and explode firecrackers, cannon crackers, and other combustible materials. In the instant case the explosion was violent and in a tumultuous manner, to the terror of the plaintiff and others. The un-

Aron vs. The City of Wausau.

known person who so recklessly threw and exploded the cannon cracker which so cruelly injured the plaintiff is not a party to this action, and, of course, his liability is not before us for consideration. The only question here for consideration, upon the merits, is whether the city is liable. The explosion was in violation of an ordinance of the city, which, by its terms, the mayor and common council had power to suspend on the Fourth of July, but which had not been suspended. The complaint alleges that the crowd was an unlawful assemblage,— a riot and a mob,— and in violation, not only of the ordinance, but of the statute. The statute gives a remedy against the city for any bodily harm or injury sustained in consequence of any mob or riot, by any person not implicated therein, and whose act or negligence in no way contributed thereto. Sec. 938, S. & B. Ann. Stats. The statute also provides that "any three or more persons, who shall assemble in a violent or tumultuous manner to do an unlawful act, or, being together, shall make any attempt or motion towards doing a lawful or unlawful act, in a violent, unlawful or tumultuous manner, to the terror or disturbance of others, shall be deemed an unlawful assembly; and if they commit such acts in the manner and with the effect aforesaid, they shall be deemed guilty of a riot." Sec. 4511, R. S. 1878.

It will be observed that the "three or more persons" must be so assembled "to do an unlawful act," or, being so assembled, shall attempt to do "a lawful or unlawful act, in a violent, unlawful, or tumultuous manner, to the terror or disturbance of others," in order to constitute "an unlawful assembly;" and then, "if they commit such acts in the manner and with the effect aforesaid, they shall be deemed guilty of a riot." In other words, to constitute such unlawful assembly, the three or more persons must have a common purpose to do the act complained of, and, if they commit such act with such common purpose or intent, then they

Aron vs. The City of Wausau.

are to be deemed guilty of a riot. A distinguished text writer, adopting the definition taken from the Draft Report of the English Commissioners of 1879, says: "An unlawful assembly is an assembly of three or more persons who, *with intent to carry out any common purpose,* assemble in such a manner, or so conduct themselves when assembled, as to cause persons in the neighborhood of such assembly to fear on reasonable grounds that the persons so assembled will disturb the peace tumultuously, or will by such assembly needlessly, and without any reasonable occasion, provoke other persons to disturb the peace tumultuously." 2 Whart. Crim. Law (10th ed.), § 1535. "A riot is the tumultuous disturbance of the public peace by an unlawful assembly of three or more persons in the execution of *some private object.* . . . If it be to resist a statute, but not to overthrow government, then, in the United States, . . . the offense is not treason, though it may be riot or a high misdemeanor." Id. § 1537.

There is nothing in the complaint to indicate that the crowd in the street, or on the sidewalk, or any three or more persons in the crowd, had any common intent or purpose to injure the plaintiff or any other person by the explosion of the cannon cracker in question. It was thrown and exploded by some one unknown to the plaintiff. Others were throwing and exploding firecrackers, but each person was, apparently, the sole manipulator of his own firecracker, and there was no common intent or purpose, of any three or more persons, to explode any particular firecracker, much less to injure the plaintiff or any other person by such explosion. It is equally apparent that it was not a mob.

*By the Court.*— The order of the circuit court is affirmed.

BARDEEN, J., took no part.

See note to this case as reported in 40 L. R. A. 733.— REP.