No. 19,777.

MRS. AMELIA EVERLY, *Appellant*, V. J. E. ADAMS and THE CITY OF GAS, *Appellees.*

SYLLABUS BY THE COURT.

1. CITIES—*Not Liable for Failure of Its Officers to Enforce Ordinances.* A city is not liable in a civil action for damages for failure of its officers to enforce governmental ordinances enacted in the interest of the public welfare.

2. SAME—*Vicious Cow at Large on Private Premises—Personal Injuries.* The principle of law just stated applied to the case of a woman who was injured on her own premises by a vicious cow which she was attempting to drive away and which the city officers knew was running at large contrary to an ordinance prohibiting cattle from running at large within the city limits.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed April 10, 1915. Affirmed.

*C. S. Ritter,* of Iola, for the appellant.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* all of Iola, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries inflicted upon the plaintiff by a vicious cow which the officers of the city knowingly permitted to run at large contrary to the provisions of an ordinance of the city. The city interposed a demurrer to the petition, which was sustained, and the plaintiff appeals.

The fact that the city had passed an ordinance prohibiting cattle, including milk cows, from running at large within the corporate limits, and providing a penalty for its violation, was duly pleaded, and it was alleged that it was the duty of the city to enforce the ordinance. The cow was described as being vicious to-

20—95 KAN.

ward human beings and a menace to the peace and
security of the inhabitants of the city, but it was al-
leged that she roamed at will without restraint about
the streets, alleys, and public places with the full
knowledge and consent of the officers and agents of the
city. Being attracted by some growing corn on the
plaintiff's premises the cow left the streets and public
grounds of the city, entered upon the plaintiff's land,
and trespassed upon the growing corn. When the
plaintiff undertook to drive the cow away it attacked
her in a savage manner, knocked her down, and gored
and trampled here severely.

The demurrer was properly sustained.

The subject of cattle running at large within the cor-
porate limits was not one involving the interest of the
city in its private, proprietary capacity but was one
appealing to its governmental functions, exercisable in
the interest of the general public welfare. The dis-
tinction between quasi private power and governmental
power possessed by municipal corporations is funda-
mental in the law of this state.

If the city had failed to pass an ordinance regulating
the running at large of cattle in the corporate limits, it
would not have been liable to the plaintiff because the
power not exercised was legislative, discretionary, and
purely public in character. In such cases the city, as
a governmental agency of the state, enjoys the same
immunity from suits which the state would enjoy if it
omitted to enact a needed public-welfare law. How-
ever, the city did pass an ordinance the sufficiency of
which was not questioned, and the breach of duty al-.
leged was failure to enforce the ordinance. The en-
forcement of ordinances is an executive function. In
the case of governmental ordinances the function is
exercised by the police force and those responsible for
the policing of the city. The executive function par-
takes in any case of the same quality as the legislative
function. If an ordinance be ministerial in character,

the city will be liable for the failure of its officers to execute the ordinance the same as a private individual would be. If, however, the ordinance be one enacted pursuant to the city's governmental power, the city is not liable in damages for the nonfeasance or for the misfeasance of its officers in executing it. Although elected or appointed by the city, paid by the city, and subject to discharge by the city, its officers are public officials and not agents of the corporation for whose neglect or misconduct the city can be held responsible in a civil action according to the doctrine of *respondeat superior*. Even although the conduct of the city officers be in conscious disregard of the terms of an ordinance, and they have reason to anticipate that injury will result to somebody, the remedy is not by way of an action for damages against the city. Until the legislature changes the theory of our municipal institutions and creates a duty on the part of a municipality to open its treasury for the reimbursement of persons who suffer from misconduct on the part of its executive officers in the discharge of governmental functions, the courts are closed to actions prosecuted for that purpose.

An exception exists with reference to maintaining public streets and ways in a condition of safety for public travel. This duty is regarded as having been imposed directly upon the city. Being so imposed, the duty is ministerial in character and the city is responsible for negligence in discharging it. In this case, however, the cow was not endangering travel on a street when the plaintiff was injured. The plaintiff was not using any street at that time, and she suffered no injury in consequence of any defect or danger existing in any street. In this connection it may be observed that the liability of a city for the condition of its streets extends to structural defects, obstructions, want of repair, and the like, making travel upon the street dangerous. It does not extend to improper and unreasonable uses of the highway contrary to governmental ordinances enacted for the convenience and

safety of the traveling public, and the city is not liable for breaches of such ordinances although committed with the knowledge or even the participation of its officers. For example, if the mayor of a city, its commissioner of streets and its chief of police were to act as starter, judge and timekeeper of an automobile race on its principal street at a time when the street is crowded with people, the victims of the unlawful enterprise would have no right of action against the city. It has been so held in numerous cases involving coasting, bicycle riding, horse racing, and other forbidden conduct.

The plaintiff says the cow was a great nuisance. Granted. The ordinance contemplated so much. But the use of the opprobrious term does not change the facts or the law applicable to the facts. The nuisance, such as it was, was neither created nor authorized by the city, much less created or authorized in virtue of any power granted to it or any duty imposed upon it. The existence of the nuisance was not the result of any corporate act. The corporate act forbade the nuisance. The passage of the ordinance was an exercise of the powers of sovereignty by an agent of the sovereign, exhibited in the discharge of a political governmental duty owed to the public at large. The execution of the ordinance devolved upon agents of the sovereign, and the city enjoys the same immunity from liability for their negligence as the sovereign itself. This has been held in numerous cases, involving disease-spreading agencies like privies and hog pens, fire spreading agencies, fireworks, discharge of cannon, wild animal exhibitions, shooting galleries, and other highly dangerous agencies recognized and classified as nuisances.

From the time the first modest volume was given to the public until the present, Dillon on Municipal Corporations has been regarded as high authority by both the bar and the bench. The subject under consideration was carefully revised by the author in the final

edition of his great work, completed shortly before his death.  In sections 1626, 1627, 1628, 1629, 1655, and 1656 of volume 4 of the fifth edition, the .principles governing the present controversy are stated, and the decided cases from which those principles were deduced are collated to the year 1911.  The views there expressed have been approved by this court many times throughout .a long series of years, and the legislature has taken no action in the direction of supplanting them.  They form a portion of the settled law of this state and sustain the action of the trial court in its ruling on the demurrer.

The supreme court of the state of Maryland holds different views.  Corporate liability has been affirmed in a coasting case, a bicycle-riding case, and in a cow case, which doubtless prompted the plaintiff's suit. (*Cochrane v. Frostburg,* 81 Md. 54, 31 Atl. 703, 27 L. R. A. 728.)  The principle there applied was, that a municipal corporation is bound to exercise powers granted to it by the enactment of proper ordinances for the promotion of the public welfare.  Having power to enact an ordinance to prevent cattle from running at large within the city limits, a city is liable, if it fails to exercise the power, to a person gored by cattle running at large.  In the bicycle-riding case (*Hagerstown v. Klotz,* 93 Md. 437, 49 Atl. 836) the principle was extended and it was held, logically enough, that the corporate duty is not discharged by the passage of ordinances in the interest of the public welfare.  The city can relieve itself from civil liability in damages only by a vigorous attempt to enforce its ordinances.

A cow case in harmony with the rule established by the great weight of authority is that of *Rivers v. The City Council of Augusta,* 65 Ga. 376, the syllabus of which reads as follows:

"A municipal corporation is not liable for damages resulting from a failure on the part of its council to perform, or an improper performance of those powers

and duties which are legislative or judicial in their character. For damages resulting from neglecting to perform, or negligence in the performance of those duties which are purely ministerial, it would be liable.

"There is no sound distinction as to such liability between a failure to pass an ordinance in the first instance and its repeal or suspension after being passed. Therefore, where a city council passed an ordinance forbidding the running at large of cattle in its streets, but subsequently suspended its operation indefinitely, on the ground, among others, that the growth of weeds and grass was too luxuriant for comfort, health and good appearance, one who was gored by a cow running at large in the streets would not have a cause of action against the city.

"Nor would the principle be altered by the fact that the owner paid a municipal tax on the cow." (Syl. ¶¶ 1-3.)

The judgment of the district court is affirmed.