Butler v. Kansas City.

No. 19,901.

JOHN BUTLER, *Appellee*, v. THE CITY OF KANSAS CITY, KAN., *Appellant*.

SYLLABUS BY THE COURT.

1. CITY PESTHOUSE—*Maintenance a Governmental Duty.*  Where a municipal corporation maintains a pesthouse for the treatment and isolation of persons who have been exposed to or affected with smallpox, it performs a governmental duty.

2. CITY PESTHOUSE—*Negligence in Keeping—City Not Liable for Damages.*  The rule that the governmental agencies of the state are not liable in an action of tort for either misfeasance or nonfeasance is applied to an action against a city to recover damages for personal injuries resulting from the defective condition of the floor of a pesthouse where plaintiff, who was affected with smallpox, was confined by the city authorities.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge.  Opinion filed February 12, 1916.  Reversed.

*R. J. Higgins, W. H. McCamish,* and *Lee Judy,* all of Kansas City, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

PORTER, J.:  John Butler sued the city of Kansas City to recover damages for personal injuries alleged to have been caused by the city's negligence.  The city maintains a pesthouse where persons affected with smallpox are taken for isolation and treatment.  The petition alleged that Butler became sick with smallpox and was taken by employees of the city and confined in one of the rooms or wards of the pesthouse, where each morning he was obliged to start a fire, and that blood-poisoning resulted from a splinter of the flooring which entered his bare foot as he walked from the bed to the stove.  The petition alleged that the city was negligent in maintaining the floor of the room in a defective and dangerous condition.  A demurrer to the petition was overruled.  The city elected to stand upon the demurrer and has appealed.

The contention of the city is, that in maintaining a pesthouse it was performing a governmental duty under the police power of the state, and therefore can not be held liable for negligence causing injuries to persons who were in the pesthouse for treatment and isolation while affected with smallpox.

On the same principle a similar immunity from liability has been held to exist in a case where a county is sued by an inmate of a jail for injuries resulting from negligence in the manner in which the jail was maintained. (*Pfefferle v. Comm'rs of Lyon Co.*, 39 Kan. 432, 18 Pac. 506.) The decision in that case was placed upon the ground that in respect to persons committed to its custody, the county was engaged in the performance of a governmental duty for the benefit of the state and possessed the same immunity as the state.

In *Thomas v. Ellis County*, 91 Kan. 443, 138 Pac. 409, it was said:

"Counties are mere auxiliary agencies of the state government, and, like the state, are immune from liability on account of damages occasioned by the manner in which they exercise·or fail to exercise their govermental powers." (Syl. ¶ 1.)

(See, also, *The State v. Lawrence*, 79 Kan. 234, 250, 100 Pac. 485.)

The same doctrine was applied in a case of malicious prosecution. (*City of Caldwell v. Prunelle*, 57 Kan. 511, 46 Pac. 949.) It was there held that in enforcing a police regulation the officers of the city were exercising a public and governmental function. In the opinion it was said:

"For the manner in which they exercise their powers and duties in this respect the city is not liable." (p. 513.)

The case of *Edson v. Olathe*, 81 Kan. 328, 105 Pac. 521 (rehearing denied, 82 Kan. 4, 107 Pac. 539), recognized the distinction between the governmental and proprietary functions of municipal corporations generally, and as affecting property and contract rights. (See authorities cited in opinion.) Another case more nearly in. point as to the facts, and in which the controlling question was the distinction between the liability of a city for an act done by it in its public capacity as a part of the political subdivisions of the state and its liability for an act done to its private advantage in relation to which the

state at large has no interest, is *La Clef v. City of Concordia,* 41 Kan. 323, 21 Pac. 272. There the plaintiff brought an action to recover damages to his health by the negligent condition of a jail in which he was confined for the violation of a city ordinance. It was held that the city in maintaining the jail stands in the same attitude as counties and is not liable for injuries resulting from the enforcement of public laws affecting the state at large.

It is a general rule that the govermental agencies of the state are not liable in an action of tort for either nonfeasance or misfeasance. (*Fowle v. The Common Council of Alexandria,* 28 U. S. 398, 7 L. Ed. 719; *Maxmilian v. Mayor,* 62 N. Y. 160, 164, 165, 20 Am. Rep. 468.) Judge Dillon states the law as follows:

"The power or even duty on the part of a municipal corporation to make *provision for the public health and for the care of the sick and destitute,* appertains to it in its govermental or public, and not in its corporate, or as it is sometimes called, private capacity. And therefore where a city, under its charter, and the general law of the state enacted to prevent the spread of contagious diseases, *establishes a hospital,* it is not responsible to persons injured by reason of the misconduct of its agents and employees therein." (4 Dillon, Municipal Corporations, 5th Ed., § 1661.)

Among the cases cited in the notes which are directly in point, see, *Evans v. City of Kankakee,* 231 Ill. 223, 83 N. E. 223; *Sherbourne v. Yuba County,* 21 Cal. 113; *Summers v. The Board of Commissioners of Daviess County,* 103 Ind. 262, 2 N. E. 725; *City of Richmond v. Long's Adm'rs,* 17 Gratt. (Va.) 375; *Murtaugh v. The City of St. Louis,* 44 Mo. 479.

In *Barbour v. Ellsworth,* 67 Maine, 294, a well person was taken to a hospital for smallpox, where he contracted the disease. Alleging that he had not been suitably or sufficiently cared for, he sued the city for damages, and it was held there was no liability. In *Lynch v. North Yakima,* 37 Wash. 657, 80 Pac. 79, it was held that the city was not liable for the act of a policeman who took a person exposed to smallpox into a building occupied by the fire department, thereby exposing the employees to contagion.

The duty of a municipal corporation to conserve the public health is govermental, and it is not liable for injuries inflicted

while performing such duty. (6 McQuillin, Municipal Corporations, § 2669.)

The petition failed to state a cause of action against the city, and the judgment is reversed with directions to sustain the demurrer.