Frost v. City of Topeka.

No. 21,376.

JAMES FROST, a Minor, etc., *Appellant*, v. THE CITY OF TOPEKA, *Appellee.*

### SYLLABUS BY THE COURT.

CITIES—*Negligence—Performance of Governmental Duty—Personal Injuries—City Not Liable.* In an action against a city by a minor to recover damages caused by the explosion of dynamite caps left upon the grounds of a detention hospital of the city through the negligence of a city's employees, *held,* following a former decision in the same case (*Frost v. City of Topeka,* 98 Kan. 636, 161 Pac. 936), and *Butler v. Kansas City,* 97 Kan. 239, 155 Pac. 12, that the petition fails to state a cause of action.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed June 8, 1918. Affirmed.

*J. J. Schenck, W. I. Jamison,* and *Herbert Jamison,* all of Topeka, for the appellant.

*George P. Hayden,* of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The sole question for determination is whether the trial court erred in sustaining defendant's motion for judgment on the pleadings. It is conceded that the motion is in substance a demurrer to the petition. The action was for damages for personal injuries alleged to have been sustained through the negligence of the city. On plaintiff's former appeal the action of the trial court in overruling a demurrer to defendant's answer was affirmed. (*Frost v. City of Topeka,* 98 Kan. 636, 161 Pac. 936.) The syllabus of that case states the facts and the law which was applied, and reads:

"Dynamite caps were used in blasting preparatory to installing water and sewer systems in the city's detention hospital while it was under construction. Employees of the city negligently failed to remove an unused sack of caps from the grounds on completion of the hospital. The plaintiff, a child of nine years, was taken to the hospital with his parents who were afflicted with smallpox, and was allowed to play about the grounds. He found the caps and exploded one of them and was injured. The hospital was established, owned and maintained by the city for the sole purpose of detaining and treating persons afflicted with smallpox. *Held,* the city is not liable in damages for the plaintiff's injury."

Substantially the only difference between the plaintiff's petition and the defendant's answer, considered on the other appeal, is, that the answer alleged the facts showing the purpose for which the dynamite caps were brought to the grounds of the detention hospital. We cannot agree with the contention of the plaintiff that an entirely different question is now presented. Leaving out of consideration the facts alleged in the answer, it is manifest from the former decision that on the petition itself the plaintiff has failed to show any liability on the part of the city. It is insisted, however, that the question of governmental duties and functions is not involved in the present case, and that the facts set forth in the petition show a right to recover on the ground that the city maintained on the hospital grounds an attractive and dangerous nuisance. In the former opinion it was said:

"The employees of the city who caused the hospital grounds to be unsafe by negligently failing to remove the portion of the supply of dynamite caps not consumed in blasting may be personally responsible for the consequences of their conduct but the city is not." (p. 639.)

The case of *Butler v. Kansas City*, 97 Kan. 239, 155 Pac. 12, a detention hospital case, was cited as conclusive, and the following statement of the law in the syllabus of the Butler case was reaffirmed:

"Where a municipal corporation maintains a pesthouse for the treatment and isolation of persons who have been exposed to or affected with smallpox, it performs a governmental duty.

"The rule that the governmental agencies of the state are not liable in an action of tort for either misfeasance or nonfeasance is applied to an action against a city to recover damages for personal injuries resulting from the defective condition of the floor of a pesthouse where plaintiff, who was affected with smallpox, was confined by the city authorities." (syl. ¶¶ 1, 2.)

The principles of law which relieve the city from liability in cases like this cannot be avoided upon any theory of an attractive nuisance.

The judgment is affirmed.