No. 33,902

ROBERT ROSE, a Minor, by His Mother and Next Friend, MAUDE ROSE, *Appellee*, v. THE CITY OF WICHITA, *Appellant.*

(80 P. 2d 1078)

Opinion filed July 9, 1938.

*Vincent F. Hiebsch, K. W. Pringle* and *Forest V. McCalley,* all of Wichita, for the appellant.

*Dempster O. Potts* and *Dallas M. Potts,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries. The jury answered special questions and returned a verdict for plaintiff. Defendant has appealed, and contends that it is not liable to plaintiff in any sum.

The pertinent facts may be stated as follows: During the dry, hot part of the summer of 1936, as an extension of its parking and bathing facilities for its citizens, and particularly the children, defendant for a time operated sprinklers at sixteen different locations in the residence sections of the city. These were sent out by Captain L'Heureux, in charge of the juvenile department. The equipment used belonged to the park department, but the sprays were operated by members of the police department. The equipment consisted of a pipe eight feet long attached horizontally to a fire hydrant, with an upright extension six feet long, with a spray nozzle at the top, and was set up in the parking between the curb and the sidewalk. Children in the vicinity, in their bathing suits, played under the sprays. On July 20, W. H. Cartter, a policeman assigned to this work, set up one of these sprays on the west side of Topeka avenue, a north-and-south street, paved forty feet wide, about fifteen feet south of the south sidewalk of the intersection of Kellogg, an east-and-west street, and Topeka avenue, in the parking five feet west of the west curb of the pavement. The water was sprayed over an area about eight feet in diameter and extending about three feet onto the pavement. Water falling from the spray on the curb and pavement splashed out as far as four or five feet eastward on the pavement. South of the spray about fifteen feet a barricade was erected extending from near the curb out into the street about fifteen feet. North of the spray, and about even with the hydrant, the police car driven by Mr. Cartter was parked at an angle to the pavement so that it extended into the street about ten feet from the curb and served as a partial barricade of that portion of the street north of the place the spray was being operated. About fifteen children of the neighborhood, in their bathing suits, were playing under the spray. Mr. Cartter was supervising the operation of the spray and directing traffic.

Plaintiff, a boy about seven years of age, and his brother, a little older, and two other boys were on the sidewalk on the east side of the street watching the children playing in the spray. The policeman invited them to join the other children. They replied their parents would not let them go in the spray. He then invited them to come over and watch. Plaintiff's brother declined the invitation, but plaintiff and two of the other boys went north to the sidewalk intersection and crossed the street and watched the other children. A few minutes later plaintiff was on the pavement between the po-

lice car and the barricade watching the other children. He suddenly started to run across the street to the east just as a car was coming from the north, which had pulled to the left until a part of it was east of the center of the pavement. The policeman called to plaintiff to look out. Plaintiff undertook to stop, slipped and fell, with his feet forward, directly in front of the oncoming automobile, which was moving very slowly, but which the driver could not stop until the front wheel ran over plaintiff's leg and broke the bone.

Defendant's demurrer to plaintiff's evidence was overruled. Answering special questions, the jury found that defendant was negligent in parking the police car so as to obstruct the vision of drivers of automobiles approaching from the north, also the vision of the children in the protected area, and that defendant did not sufficiently guard children invited to the sprinkler from injury of traffic, especially automobiles, in that it failed to rope off or erect a barrier on the east boundary of the playground area and failed to control traffic through the narrowed passageway caused by the playground. Defendant's motion for judgment upon the pleadings, opening statement of counsel, the evidence, and the answers to special questions notwithstanding the general verdict, and its motion for a new trial were overruled, and judgment was rendered on the general verdict for plaintiff.

In this court appellant points out that the police car as parked acted as a barrier to protect the playground area to the south of it, and that it did not cut off the vision of the sprinkler system from the drivers of automobiles from the north; indeed, that the sprinkler system in operation could be seen plainly by such drivers, and that there was no evidence to sustain the finding of the jury that the traffic along this protected area was not being carefully and properly directed, and that in fact the automobile which caused the injury to plaintiff was traveling very slowly east of the playground area and in part east of the center of the street. Plaintiff's sudden effort to stop himself when he attempted to run across the street upon the call of the policeman for him to look out, and his fall in such a way that his feet went forward directly in front of the slowly moving automobile—a circumstance which could not reasonably have been anticipated, perhaps, by anyone who had anything to do with it—was the real cause of the injury.

Touching defendant's liability, it is pointed out by appellant that

there is no contention on plaintiff's part that the street itself was defective; hence, that there was no liability arising on that score. Appellant next contends that in furnishing sprinkler bathing facilities for the children in the residential districts, under the supervision of its juvenile department and in charge of its police officers, it was acting in its governmental capacity, and that it is liable for injuries which occur while doing so only when specifically made so by statute, and that in this state there is no such statute making the city liable under such circumstances. There is an abundance of authority to support this view:

6 McQuillin on Municipal Corporations, Rev. 2d ed., § 2793; *Perry v. City of Independence,* 146 Kan. 177, 69 P. 2d 706; *Smith v. United Power & Light Corp.,* 142 Kan. 723, 726, 727, 51 P. 2d 976; *Barcus v. City of Coffeyville,* 129 Kan. 238, 282 Pac. 698; *Bruce v. Kansas City,* 128 Kan. 13, 276 Pac. 284; *Warren v. City of Topeka,* 125 Kan. 524, 265 Pac. 78; *Foster v. Capital Gas and Electric Co.,* 125 Kan. 574, 265 Pac. 81; *Gilliland v. City of Topeka,* 124 Kan. 726, 262 Pac. 493; *Gorman v. City of Rosedale,* 118 Kan. 20, 234 Pac. 53; *Rose v. City of Gypsum,* 104 Kan. 412, 418-420, 179 Pac. 348; *Frost v. City of Topeka,* 103 Kan. 197, 173 Pac. 293; and earlier cases cited therein.

In support of the judgment of the trial court it is argued on behalf of appellee that the sprinkler, as operated, was an attractive nuisance. The answer to that is that it was not a nuisance at all, either under the authorities above cited, or as a matter of fact. The evidence was to the effect that it was a desirable thing. People asked to have it operated in their block, or in front of their homes, and where their children could use it. Counsel cite *Roman v. City of Leavenworth,* 90 Kan. 379, 133 Pac. 551, and 95 Kan. 513, 148 Pac. 746, as tending to support an opposite view. But this case was severely criticized in *Bruce v. Kansas City,* supra, and cannot be regarded as an authority on that point. They also cite *Schaubel v. City of Manhattan,* 102 Kan. 430, 170 Pac. 984. That decision rested on the unsuitable condition of a street for use, and even as so rested was not well supported by authority. They also cite *Osage City v. Larkin,* 40 Kan. 206, 19 Pac. 658; *Kansas City v. Gilbert,* 65 Kan. 469, 70 Pac. 350; and *Malchow v. City of Leoti,* 95 Kan. 787, 149 Pac. 687. Liability of the city in each of these cases was based upon the fact that the city permitted something dangerous

to those who used the street for traffic to be or remain in a street or alley. There is no contention that such was the case here.

Counsel also argue that the city, or its police officer in charge, was negligent in not roping off the east side of the playground and in not properly directing traffic, and the answers of the jury to the special questions indicate this was the basis of the verdict. Passing appellant's contention that there is no evidence to sustain that view, it is well settled that the city is not liable in damages for the negligence of its peace officers. The result is, there is no substantial basis for any judgment for plaintiff against the city. Defendant's demurrer to plaintiff's evidence should have been sustained.

The judgment of the court below is reversed with directions to enter judgment for defendant.