## No. 34,315

NELLIE WRAY, *Appellant,* v. CITY OF INDEPENDENCE et al., *Appellees.*

(92 P. 2d 84)

Opinion filed July 8, 1939.

*A. L. Billings,* of Independence, for the appellant.
*Chester Stevens,* of Independence, for the appellees.

The opinion of the court was delivered by

HOCH, J.: This was an action for damages resulting from a collision between plaintiff's automobile and an automobile owned by the

city of Independence and being driven by a city employee.' The municipality, Hackmaster, who was the city engineer, and Eades, the driver of the city automobile, were made defendants. A demurrer to the petition by Eades was overruled. Demurrers of the city and Hackmaster were sustained, and plaintiff appeals.

The petition alleged that Eades, an employee of the city, had been employed for about ten days prior to September 15, 1938, the date of the accident, "in painting street numbers and signs, designating properties, on curbings authorized and designated by said city;" that the city automobile had been furnished him by the city engineer and that the work was being done under the direction of the commissioner of streets. It was alleged that the collision took place at a street intersection as a result of the negligent and reckless operation of the city automobile by Eades; that plaintiff's car in which she was riding and which was being operated at lawful speed by Frances Bunn entered the intersection traveling north, and that the occupants observed the city car approaching from the west and that it was traveling on the wrong side of the street and that the driver was paying no attention to his driving and that the plaintiff's car came to a stop near the center of the intersection and that the city car, still being driven recklessly and without regard for the safety of other persons, entered the intersection, striking the front end of plaintiff's car and doing damage about which complaint is made. The petition further alleged that Eades did not have a driver's license, that this fact was known to the city engineer and that the engineer had directed him to continue in the use of the car in spite of the fact that he did not have a driver's license.

The principal question presented is whether under the facts stated in the petition the city could be held liable. It is well settled as a general rule of law in this state that in the absence of statute imposing liability a city is not liable for the negligence or misconduct of its officers or employees in the performance of governmental functions. Many cases might be cited, among which are: *Edson v. Olathe,* 81 Kan. 328, 105 Pac. 521; *Everly v. City of Gas,* 95 Kan. 305, 147 Pac. 1134; *Frost v. City of Topeka,* 103 Kan. 197, 173 Pac. 293; *Butler v. Kansas City,* 97 Kan. 239, 155 Pac. 12; *Perry v. City of Independence,* 146 Kan. 177, 69 P. 2d 706; *Kretchmar v. City of Atchison,* 133 Kan. 198, 299 Pac. 621; *Sroufe v. Garden City,* 148 Kan. 874, 84 P. 2d 845; *Rose v. City of Wichita,* 148 Kan. 317, 80 P. 2d 1078. In *Rose v. City of Gypsum,* 104 Kan. 412, 179 Pac. 348,

there will be found pertinent discussion of the distinction between municipal powers which are governmental and public and those which it may exercise in a proprietary, commercial or ministerial capacity. Many other decisions are therein cited.

Cities may be held liable for damages resulting from the maintenance of "public nuisances" or in cases involving activities which are commercial or proprietary and not connected with the performance of governmental functions. They are also liable, under requisite showing as to negligence, for injuries resulting from defects in public streets or sidewalks, but none of these exceptions to the general rule—if indeed they may be called exceptions—applies in the instant case. Eades was a city employee and according to the petition was driving the city automobile in connection with his work of "painting street numbers and signs, designating properties, on street curbings." The service he was performing was a public service. It was governmental in character and no commercial or pecuniary interest of the city was being promoted. The city was making no profit out of the work he was doing. No defect in the street was involved in the accident. We find no cases to support appellant's contention that a "public nuisance" was being maintained by the city on account of the action of the city engineer in permitting Eades to drive an automobile without a driver's license, nor does the dereliction of the city engineer in that matter constitute the driving of the automobile a "public nuisance" under any reasonable interpretation of the term. Nor does the fact that Eades did not have a driver's license bear any causal relation to the accident. We find nothing in the facts of the case to take it out from under the general rule. The demurrers of the city and the city engineer were properly sustained.

The judgment is affirmed.